IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JAMES BEAMON, #166666, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | CASE NO. 2:09-CV-608-ID |
| ) | [WO] |
| ) | |
| JOHN CUMMINS, et al., ) | |
| ) | |
| Respondents. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause of action is before the court on a 28 U.S.C. § 2254 petition for habeas corpus relief filed by James Beamon [ "Beamon"], a state inmate, on June 26, 2009. In this petition, Beamon challenges the constitutionality of an indictment issued against him by a Montgomery County Grand Jury in June of 2007 for robbery and kidnapping.[1] Criminal proceedings related to these charges are currently pending before the Circuit Court of Montgomery County, Alabama. In their supplemental answer filed on August 24, 2009, the respondents maintain that Beamon is not "in custody" pursuant to any conviction based on the indictment and assert that his claims are without merit. They further argue that Beamon has failed to exhaust state remedies with respect to the claims now pending before this court. Specifically, the respondents maintain that Beamon may challenge the

---

[1] Beamon maintains the indictment is void as it is not signed by the grand jury foreman nor was it presented before at least twelve grand jurors.

indictment during the criminal proceedings pending before the Circuit Court of Montgomery County by filing a motion attacking the indictment on the grounds presented to this court. It is likewise clear that Beamon can appeal any adverse ruling issued by the trial court.

Upon review of the respondents' answers, the court entered an order affording Beamon an opportunity to demonstrate why this petition should not be dismissed for his failure to exhaust state remedies. *Order of August 25, 2009 - Court Doc. No. 19*. Beamon has filed nothing in response to this order.

## DISCUSSION

The law directs that a petition for writ of habeas corpus filed by "a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the [convicting] State ..." 28 U.S.C. § 2254(1)(b)(1)(A). "An applicant shall not be deemed to have exhausted the remedies available in the courts of the State ... if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). It is undisputed that Beamon has not yet exhausted his available state court remedies with respect to the claims presented in the instant petition for habeas corpus relief. This court does not deem it appropriate to rule on the merits of the petitioner's claims without first requiring that the petitioner exhaust available state remedies. 28 U.S.C. § 2254(1)(b)(2). Moreover, it does not appear that a stay of this case is warranted pending the outcome of

the state court proceedings as there is nothing before this court which indicates the requisite "good cause for the petitioner's failure to exhaust his claims first in state court." *Rhines v. Weber*, 544 U.S. 269, 277, 125 S.Ct. 1528, 1535 (2005).

In light of the foregoing, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Beamon can pursue those state court remedies available to him.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for habeas corpus relief be denied and that the petition be dismissed without prejudice to afford the petitioner an opportunity to exhaust all available state court remedies.  It is further

ORDERED that on or before October 5, 2009 the parties may file objections to the Recommendation.  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc*., 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 18th day of September, 2009.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE